IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALOHA ACCOUNTING AND TAX LLC, <br><br> Plaintiff, <br><br> vs. <br><br> FIRST HAWAIIAN BANK; BANK OF HAWAII; CENTRAL PACIFIC BANK; HAWAIIAN ELECTRIC, INC. dba "American Savings Bank"; and KABBAGE, INC., <br><br> Defendants. | CIVIL NO. 20-00254 JAO-RT <br><br> ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE |

## ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE

On June 2, 2020, Plaintiff Aloha Accounting and Tax LLC ("Plaintiff") filed a Class Action Complaint asserting the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), as the basis for subject matter jurisdiction. Compl. ¶ 8. "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Federal courts are presumed to lack subject matter jurisdiction, and the

plaintiff bears the burden of establishing that subject matter jurisdiction is proper. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). If the court lacks subject matter jurisdiction, an action must be dismissed. Fed. R. Civ. P. 12(h)(3).

Under CAFA, "district courts . . . have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *Adams v. W. Marine Prods., Inc.*, 958 F.3d 1216, 1220 (9th Cir. 2020). Plaintiff alleges that there are more than 100 persons or entities in the proposed class and that the claims of the class exceed $5,000,000 in the aggregate. *See* Compl. ¶ 8. With respect to the parties' citizenships, Plaintiff alleges that: (1) its sole member is Jennifer Drout; (2) Defendants First Hawaiian Bank, Bank of Hawaii, Central Pacific Bank, and Hawaiian Electric, Inc. dba American Savings Bank, are Hawaiʻi corporations headquartered in Hawaiʻi; (3) Defendant Kabbage, Inc. is a privately held company with its headquarters in Atlanta, Georgia; and (4) "at least some members of the proposed Class have different citizenship[s] from Defendant(s)." *See id.* ¶¶ 2–6, 8.

These allegations are deficient. First, Plaintiff has not provided the named parties' *citizenships*. Corporations are citizens of "(1) the state where its principal

2

place of business is located, and (2) the state in which it is incorporated."[1] *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (citing 28 U.S.C. § 1332(c)(1)). By contrast, an LLC shares the citizenships of all of its owners/members. *Id.* at 899, 902 ("[A]n LLC is a citizen of every state of which its owners/members are citizens."). While Plaintiff identified its sole member, it did not disclose her citizenship.[2]

Second, although CAFA requires only minimal diversity, *see* 28 U.S.C. § 1332(d)(2)(A), there are two exceptions to CAFA jurisdiction:[3] "(1) the local controversy exception and (2) the home state exception." *Adams*, 958 F.3d at 1220 A district court "shall" decline to exercise jurisdiction under the local controversy exception "when more than two-thirds of the putative class members are citizens of the state where the action was filed, the principal injuries occurred in that same state, and at least one significant defendant is a citizen of that state." *Id.* (citing 28

---

[1] Plaintiff alleges that the banks are Hawai'i corporations but does not identify their "principal places of business."

[2] The Court emphasizes that "the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

[3] The exceptions are not jurisdictional. *See Adams*, 958 F.3d at 1223. The Ninth Circuit treats the exceptions as a form of abstention, which the Court may raise sua sponte. *See id.*

to § 1332(d)(3)–(4).  Failure to timely respond to this Order to Show Cause will result in the dismissal of this action without prejudice.

    IT IS SO ORDERED.

    DATED:  Honolulu, Hawaiʻi, June 9, 2020.



Jill A. Otake
United States District Judge

CV 20-00254 JAO-RT, *Aloha Accounting LLC v. First Hawaiian Bank, et al.*; ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE